IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:10-CV-315-BO

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF ANGELES CONSTRUTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERSTATE CONCRETE OF NC., INC., Q.B.S., INC., and FEDERAL INSURANCE COMPANY. <br><br> Defendants. | O R D E R |

This matter is before the Court on Defendant Interstate Concrete's Motion to Dismiss (DE 12) and Defendants Federal Insurance Company and Q.B.S., Inc.'s Motion to Dismiss (DE 17). Both motions claim the Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has moved to strike both motions. (DE 14), (DE 19). All Motions are DENIED.

## DISCUSSION

Plaintiff is a subcontractor suing his subcontractor and contractor for nonpayment. Defendants have all included boilerplate Motions to Dismiss within their Answers to Plaintiff's Complaint. They have provided no supporting argument or evidence for the motions. The motions are accordingly dismissed.

The Court also denies the Plaintiff's Motion to Strike under Federal Rule of Civil Procedure 12(f). Rule 12(f) states "[t]he court may strike from a pleading an insufficient defense

1

or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and usually only granted in situations where the contested material causes some prejudice to the moving party. See, e.g., Kuntzman v. Wal-Mart, 673 F.Supp.2d 690, 695 (2009).

Here, the Plaintiff has not alleged it would be prejudiced by the Defendants' motions. In fact, the Plaintiff cannot be prejudiced by the motions as they contained no specific information and they are being denied. Thus the Plaintiff's Motion to Strike is denied.

## CONCLUSION

In conclusion, Defendants' Motions to Dismiss and Plaintiff's Motions to Strike are DENIED.

SO ORDERED, this 14 day of December, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE